IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN J. MARTINEZ,
    Petitioner,

vs.                                    Case No.: 5:17cv283/MCR/EMT

FLORIDA DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 17). The court provided Petitioner an opportunity to respond to the motion (*see* ECF Nos. 18, 20), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented in Respondent's dispositive motion, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 17).[1] Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2012-CF-2041, with one count of sexual battery on a person less than 12 years of age (Count I) and one count of lewd or lascivious molestation (Count II) (Ex. B1 at 66). Following a trial on October 30, 2013, the jury returned a verdict of guilty as charged on both counts (Ex. B1 at 103, Ex. B5, B6). On November 21, 2013, the court adjudicated Petitioner guilty of Count I and vacated the verdict as to Count II on double jeopardy grounds (Ex. B4). The court sentenced Petitioner to a term of life imprisonment, with jail credit of 397 days (Ex. B1 at 115–19, Ex. B4). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-5662 (Ex. B8). The First DCA affirmed the judgment per curiam without written opinion on February 4, 2015, with the mandate issuing February 20, 2015 (Exs. B10, B11). Martinez v. State, 156 So. 3d 1081 (Fla. 1st DCA 2015). Days prior to the First DCA's issuance of its affirmance, Petitioner filed a habeas petition in the Florida Supreme Court, Case No. SC15-193 (see Ex. E1). On

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 17) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number. Citations to the parties' pleadings refer to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 5:17cv283/MCR/EMT

May 4, 2015, the Florida Supreme Court denied the petition as procedurally barred to the extent Petitioner sought immediate release, and dismissed the petition for lack of jurisdiction to the extent Petitioner sought review of the direct appeal proceedings (Ex. E2). Martinez v. Jones, 171 So. 3d 118 (Fla. 2015) (Table). On May 5, 2015, Petitioner filed a motion for rehearing (*see* Ex. E2). The Florida Supreme Court denied the motion as moot on May 7, 2015 (*see id.*).

On November 18, 2016, Petitioner filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. G1). On December 5, 2016, the circuit court dismissed the motion on the ground that Petitioner's claims were cognizable in a Rule 3.850 motion, not a Rule 3.800 motion (Ex. G2). The dismissal was without prejudice to Petitioner's asserting his claims in a Rule 3.850 motion (*id.*).

On December 19, 2016, Petitioner filed a Rule 3.850 motion in the state circuit court (Ex. C1 at 10–30). On January 12, 2017, the circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing a second amended motion within sixty days (*id.* at 31–32). Petitioner filed a second amended motion on March 8, 2017 (*id.* at 33–59). The circuit court summarily denied the amended motion on May 12, 2017 (*id.* at 60–63). Petitioner appealed the decision to the First DCA, Case

No. 1D17-2328 (*id.* at 79). The First DCA affirmed the lower court's decision per curiam without written opinion on September 25, 2017, with the mandate issuing February 9, 2018 (Exs. C2, C5). <u>Martinez v. State</u>, 235 So. 3d 809 (Fla. 1st DCA 2017) (Table).

On October 19, 2017, during the pendency of the first post-conviction appeal, Petitioner filed a second Rule 3.850 motion in the state circuit court (Ex. D1 at 8–44). On February 12, 2018, the circuit court denied Petitioner's claims as untimely, and alternatively denied them on the merits (*id.* at 103–12). Petitioner appealed the decision to the First DCA, Case No. 1D18-1040 (*see* Ex. D2). The appeal is still pending.

Petitioner filed the instant § 2254 petition on November 9, 2017 (ECF No. 1).

II. ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

Respondent contends that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 17 at 4).  Petitioner does not argue that a different statutory trigger applies, but he essentially asks the court to toll the limitations period until the First DCA renders a decision in the second post-conviction appeal (*see* ECF No. 1 at 7, 9–10, 13–14).

The judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which a defendant may seek direct review of

his conviction in the United States Supreme Court.[2] The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on February 4, 2015, and it expired 90 days later, on May 5, 2015. However, on that date, Petitioner's state habeas petition was arguably still pending in the Florida Supreme Court, because the court had not ruled on Petitioner's motion for rehearing. Giving Petitioner the benefit of statutory tolling for the motion for rehearing, the state habeas action reached final disposition on May 7, 2015, the date the court denied the motion. The federal statute of limitations began

---

[2] The judgment referred to in section 2244(d)(1)(A) is the judgment of conviction, not the judgment disposing of post-conviction applications. *See* Bond v. Moore, 309 F.3d 770, 773–74 (11th Cir. 2002).

to run the next day, on May 8, 2015. Petitioner had one year from that date, or until May 8, 2016, to file his § 2254 petition. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner did not have any post-conviction applications pending from May 8, 2015 to May 8, 2016. Although Petitioner requests tolling for the period during which his second Rule 3.850 motion is pending, he is not entitled to tolling, because the second Rule 3.850 motion was filed on October 19, 2017, after the federal limitations period expired (on May 8, 2016). See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Petitioner's federal habeas petition, filed on November 9, 2017, is untimely.

Page 8 of 10

Petitioner has not alleged or shown that he qualifies for equitable tolling,[3] or that he is entitled to federal review of his § 2254 petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting

---

[3] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009).

Case No.: 5:17cv283/MCR/EMT

§ 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 759, 773 (2017) (citing Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 17) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of February 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:17cv283/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**